IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

**FILED**

MAY 29 2002

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| JIM HODGES, Governor of the State of South Carolina, in his official capacity,<br><br>Plaintiff,<br><br>vs.<br><br>SPENCER ABRAHAM, Secretary of the Department of Energy, in his official capacity, and the UNITED STATES DEPARTMENT OF ENERGY,<br><br>Defendants. | Civil Action No.<br><br>1:02-1426-22<br><br>MOTION TO INTERVENE AND MOTION FOR EXPEDITED HEARING |

Plaintiffs, David R. Black, David G. Cannon, Hugh Carl Gooding, and Edward Lemon, individually and on behalf of a class of Citizens of the State of South Carolina (hereinafter "Citizens"), hereby move the Court pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, as well as the general equity powers of this Court, for an Order permitting them to intervene as Plaintiffs in this matter.

This case, which centers on the dismantlement of America's nuclear stockpile and the attendant storage of weapons-grade plutonium at the Savannah River Site ("SRS") facility, involves critically important issues of national and international security. At the epicenter of this dispute, however, are the Citizens of South Carolina, who are directly impacted in a wide variety of ways by the storage of plutonium within the borders of South Carolina. As further detailed in their Complaint in Intervention (Attached hereto as Exhibit "A"), Citizens neither advocate nor oppose the storage of plutonium at SRS in this proceeding. Instead, they contend that if the

federal government proceeds with such storage, the Citizens are entitled to just compensation, and equal protection, under the Fifth Amendment to the United States Constitution. In other words, if the federal government stores plutonium at SRS, it must pay the Citizens for the diminished value of their property and for their service in having to accept the risks, burdens, and responsibilities which benefit all citizens of the United States.

As further detailed in the memorandum in support of this motion, the Citizens meet all of the requirements for intervention of right under Fed. R. Civ. P. 24(a). The Citizens have a real and substantial interest in this matter, and resolution of this case will unquestionably affect their interests. Unless the Citizens are allowed to intervene in this action, their interests will not be adequately represented by existing parties, and the disposition of this matter may impair or impede their ability to protect their interests.

Based upon the foregoing, the Citizens respectfully request that the Court grant their motion to intervene under Fed. R. Civ. P. 24(a) and allow the filing of a Complaint and full participation in the adjudication and resolution of this case. Alternatively, the Citizens request that this Court grant them permission to intervene in this matter pursuant to Fed. R. Civ. P. 24(b).

In addition, due to the importance of a timely resolution of the issues raised by this action, the Citizens request that the Court hold an expedited hearing on this motion on June 13, 2002.

Respectfully submitted,

*/s/ Neil C. Robinson, Jr.*
Neil C. Robinson, Jr.
Fed. ID No. 3516
NEXSEN PRUET JACOBS POLLARD &
ROBINSON, LLC
200 Meeting Street, Suite 301
Post Office Box 486
Charleston, South Carolina 29402
(843) 577-9440

Marguerite S. Willis,
NEXSEN PRUET JACOBS & POLLARD, LLC
1441 Main Street, Suite 1500
Post Office Drawer 2426
Columbia, South Carolina 29202
(803) 771-8900

Attorneys for Movants

May 29, 2002
Columbia, South Carolina

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| DANNY R. BLACK, DAVID G. CANNON, HUGH CARL GOODING, AND EDWARD LEMON, individually and as representatives of CITIZENS OF SOUTH CAROLINA,<br><br>Plaintiffs,<br><br>vs.<br><br>SPENCER ABRAHAM, Secretary of the Department of Energy, in his official capacity, and the UNITED STATES DEPARTMENT OF ENERGY,<br><br>Defendants. | Civil Action No.<br><br><br><br>**CLASS ACTION COMPLAINT IN INTERVENTION** |

Plaintiffs, Danny R. Black, David G. Cannon, Hugh Carl Gooding, and Edward Lemon, individually and as representatives of Citizens of South Carolina, challenge the decision of Defendants, Spencer Abraham and the Department of Energy (DOE), to store plutonium at the Savannah River Site ("SRS") facility without just compensation, and complain against the Defendants as follows:

## INTRODUCTION

1. With the end of the Cold War and the ensuing move toward nuclear disarmament, the United States has found itself faced with a critical question: How to manage the extremely dangerous plutonium that has been central to this nation's ability to protect and defend its citizens, and do so in a way that is both consistent with international agreements and fair to those

parties that will be essential to any solution. To date, unfortunately, much of the debate has been impeded by seemingly irreconcilable positions that have had the practical effect of precluding a workable outcome. Plaintiffs, individually and as representatives of Citizens of South Carolina, seek to bridge the gap between those positions and shape a response that is in the best interests of the country, the State of South Carolina, and its citizens, and protects the legal rights of all concerned.

2.     For years, South Carolinians have shared the responsibility of national defense by hosting the SRS facility, dedicated to producing and maintaining the U.S. nuclear weapons stockpile. They have done this with the understanding that their service produced a corresponding benefit: jobs, tax revenues, economic opportunity. In the matter now being considered, South Carolinians are willing to continue to answer America's call and do what is best for the country. However, if they are being asked to assume additional responsibility, including substantial new risks, for the common good of all Americans, then the Fifth Amendment to the United States Constitution guarantees them no less than just compensation.

3.     Plaintiffs do not advocate or oppose the storage of plutonium at SRS. They simply contend that, if the plutonium is stored there, they are entitled to the protections afforded to all citizens of the United States by the United States Constitution and its amendments.

4.     South Carolinians have always believed in duty and honor. For the past half-century, they have accepted their duty, and have done so honorably in the great national cause of nuclear preparedness. America has always responded with just compensation. Now, in the great global cause of nuclear disarmament, Plaintiffs, individually and as representatives of the Citizens of South Carolina, are asking that our country reaffirm its obligation to them. What

2

Plaintiffs seek is reasonable and logical. But more important, it is right, fair, just, and required under the Fifth Amendment and other principles of law and equity embraced by the courts of this State and the United States.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (a)(2) (Tucker Act), and 5 U.S.C. § 702 (Administrative Procedures Act).

6.      This Court may grant declaratory relief, injunctive relief, and any additional relief pursuant to 28 U.S.C. §§ 2201(a) and 2202 (declaratory judgment).

7.      Venue in this Court is proper under 28 U.S.C. § 1391.

8.      An actual, justiciable controversy exists now between the parties, in which Plaintiffs are entitled to the relief sought herein to redress the harm Plaintiffs would otherwise suffer.

### PARTIES

A.  Plaintiffs

9.      Plaintiff Danny R. Black is a citizen of South Carolina and a resident of the City of Barnwell.

10.     Plaintiff David G. Cannon is a citizen of South Carolina and a resident of the City of Barnwell.

11.     Plaintiff Hugh Carl Gooding is a citizen of South Carolina and a resident of the City of Allendale.

12.     Plaintiff Edward Lemon is a citizen of South Carolina and a resident of the City of Barnwell.

B.  Defendants

13.     Defendant Spencer Abraham is the Secretary of the DOE, officially residing in Washington, DC, and is sued in his official capacity only. In that capacity, Abraham's responsibilities include administration, operations, and activities of the DOE, including the administration of the plutonium disposition program at SRS.

14.     Defendant DOE is an executive department of the United States government and is charged with responsibilities regarding the nuclear weapons program and their disposition, including activities in that regard at the SRS.

## CLASS ACTION ALLEGATIONS

15.     Plaintiffs bring this action individually and as a proposed class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class of others similarly situated.

16.     The proposed Class is defined as follows: Citizens of South Carolina as to whom the storage of plutonium at SRS, without just compensation, constitutes a violation of the Fifth Amendment and/or creates an implied contract with the federal government. Each class member claims damages of $10,000 or less under the Tucker Act.

17. This action is appropriate for treatment as a class action under Rule 23(b)(2) and Rule 23(b)(3) for the reasons stated hereinafter.

18. The Class is sufficiently numerous that joinder of all members is impracticable insofar as those individuals affected by Defendants' activities number in excess of 3,000,000.

19. Plaintiffs will fairly and adequately protect the interests of the Class.

20. The interests of the Class representatives are coincident with, and not antagonistic to, those of the remainder of the Class.

21. Plaintiffs are represented by experienced and able counsel who have previously litigated class actions.

22. There are questions of law and fact common to the Class. These questions include:

(a) whether the storage of plutonium at the SRS facility, without just compensation, constitutes an unlawful taking in violation of the Fifth Amendment of the United States Constitution;

(b) whether storage of plutonium at the SRS facility constitutes an implied contract between the Citizens of South Carolina and the United States government by subjecting the Citizens of South Carolina to public service without just compensation;

(c) whether the storage of plutonium at SRS without just compensation deprives the Citizens of South Carolina of equal protection under the Fifth Amendment of the United States Constitution;

(d)    whether, as a result of the storage of plutonium at SRS, the Citizens of the State of South Carolina will suffer damages, including, but not limited to, loss of beneficial use of their property; loss of economic development and tax revenues; increased security requirements and expenses; and other tangible and intangible injuries.

23.    Plaintiffs' claims are typical of the members of the Class in that Plaintiffs are Citizens of South Carolina who are affected, like all citizens, by having the plutonium stored at SRS.

24.    The questions of law and fact common to the members of the Class predominate over any questions affecting individual members. Individual questions, if any, can be addressed with appropriate sub-classes.

25.    Class action treatment is a superior method for the fair and efficient adjudication of the issues in dispute because it permits citizens who have been injured by Defendants' activities to prosecute their common claims in a single forum simultaneously. The burden and expense of prosecution of these complex and time-sensitive matters would make it virtually impossible for the Class members individually to effectively adjudicate these issues, which would overwhelm the court system. Individualized litigation increases the delay and expense to all parties and to the court system due to complex legal and factual issues presented by the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a court in a timely manner.

26.  Defendants have acted on grounds generally applicable to the Class in its actions to store plutonium at the SRS facility, thereby making appropriate final relief, including declaratory relief and monetary damages to the Class as a whole.

## FACTUAL BACKGROUND

27.  Plutonium has been produced by processing uranium fuel in nuclear reactors and is a highly radioactive, metallic element. Plutonium 239 is a variation, or isotope, of plutonium, which is used to manufacture the triggers at the core of modern nuclear weapons. Plutonium 239 can also be processed and mixed with uranium dioxide to form mixed-oxide ("MOX") fuel for use in nuclear reactors.

28.  Plutonium is highly radioactive and extremely hazardous when ingested or inhaled in any amount. Ingestion and inhalation can cause cancer and other seriously adverse health symptoms, often with terminal effects.

29.  The Federal Government has declared that the location of such hazardous materials is to be considered a high priority target of terrorist attacks in this country.

30.  On January 21, 1997, DOE issued a Record of Decision ("ROD") on the storage and disposition of weapons-usable fissible materials. DOE made the decision to dispose of surplus plutonium through the dual or hybrid process of immobilization and MOX fuel production. Under the immobilization approach, plutonium would be immobilized in a ceramic form, sealed in cans, which would be placed in canisters, over which would be poured high-level waste glass. These radioactive canisters would be disposed of in a geologic repository. The MOX approach would produce MOX fuel that could then be used in existing domestic,

commercial reactors. The irradiated MOX fuel would also be disposed of in a geologic repository.

31. The DOE, on January 23, 2002, announced it intended to revise the surplus plutonium strategy by eliminating immobilization and relying exclusively on the MOX technology.

32. The DOE, on April 19, 2002, issued an amended ROD announcing the "immediate implementation of consolidated long-term storage" at SRS of plutonium then stored at the Rocky Flats Environmental Technology Site. 69 Fed. Reg. 19432. The ROD stated that no final decisions would be made as to MOX processing until reviews under the National Environmental Policy Act were completed.

33. The DOE has announced its decision to ship and store surplus plutonium within the State of South Carolina.

34. The SRS facility consists of approximately 310 square miles of land located within 175 miles of every citizen in the proposed Class. The facility is located in Barnwell, Allendale, and Aiken Counties and has been designated by the DOE as the site for surplus plutonium storage.

35. On information and belief, Governor Hodges has sought assurances from DOE Secretary Abraham, but has yet to reach an enforceable agreement with regards to surplus plutonium disposition and storage; at no time during his negotiations, however, nor in his Complaint filed herein, has Governor Hodges ever demanded the relief sought by these Plaintiffs.

36. On April 15, 2002, Secretary Abraham gave notice to Governor Hodges that shipments of plutonium to the SRS facility would begin on May 15, 2002.

37. Governor Hodges filed a lawsuit against Secretary Abraham and the DOE on May 1, 2002.

38. Following the institution of Governor Hodges' lawsuit, Secretary Abraham and the DOE agreed to postpone plutonium shipments until no earlier than June 15, 2002.

39. While Governor Hodges ultimately seeks a legislative proposal or legally binding consent order to resolve this matter, Plaintiffs seek just compensation for the Citizens of South Carolina, pursuant to the Fifth Amendment, for the storage of weapons-grade plutonium in this State, as well as compensation for the public service performed by the Citizens for such storage. Only this class action seeks these remedies.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

40. Plaintiffs reallege and incorporate the allegations contained in Paragraphs one through thirty-nine, as if fully set forth herein.

41. This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201(a) and Rule 57, Fed. R. Civ. P., for the purpose of determining a question of existing controversy between the parties as will hereinafter appear, and for a declaration of rights.

42. The Fifth Amendment bars the federal government from forcing some citizens alone to bear burdens that, in all fairness and justice, should be borne by the public as a whole, without just compensation for such burden.

43. The storage of plutonium at the SRS facility forces the Plaintiffs, as well as the Citizens of South Carolina, to bear the public burdens of nuclear disarmament and nuclear storage without just compensation. Such storage deprives Plaintiffs of the beneficial use of their property and subjects them to other harms, including such economic injuries as loss of tax revenues, loss of economic development, and loss of property value, and other injuries through eminent and continuing dangers attendant to the storage of the plutonium.

44. Based upon the foregoing, Plaintiffs, individually and on behalf of Citizens of South Carolina, seek declaratory relief from the Court by way of the following declarations:

(a) storage of plutonium at the SRS facility is a public burden borne by the Citizens of South Carolina;

(b) without just compensation, storage of plutonium at the SRS facility is an unlawful taking under the Fifth Amendment of the United States Constitution.

(c) the decision of the DOE to store surplus plutonium at SRS creates an implied contract to perform a public service and the Citizens of South Carolina are therefore entitled to fair and just consideration for the risks and burdens undertaken as the result of that implied contract.

### SECOND CAUSE OF ACTION
### (Inverse Condemnation)

45. Plaintiffs reallege and incorporate the allegations contained in Paragraphs one through forty-four, as if fully set forth herein.

46. Government actions which leave the owner of land without economically beneficial or productive options for its use, carry with them a heightened risk that private property will be pressed into some form of public service under the guise of mitigating serious public harm.

47. Defendants' action forces the Citizens of South Carolina to bear the burden of plutonium storage for the entire Country. By these acts, Plaintiffs are denied the economically beneficial use of their property without just compensation.

48. By virtue of the actions of the Defendants, Plaintiffs will be permanently and irreparably harmed, economically, through (among other things) loss of tax revenues, loss of economic development, and loss of property values, and, intangibly, through eminent and continuing dangers attendant to the storage of the plutonium.

49. As such, in the alternative to Declaratory Relief, Plaintiffs seek actual damages for just compensation. However, pursuant to the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), Plaintiffs waive any damages exceeding the sum stated of $10,000 per individual, exclusive of interest and costs, such that each individual member of the Class will be limited to same.

### THIRD CAUSE OF ACTION
### (Implied Contract)

50. Plaintiffs reallege and incorporate the allegations contained in paragraphs one through forty-nine, as if fully set forth herein.

51. Defendant, upon shipping and storing plutonium at the SRS facility, subjects the Citizens of South Carolina to a form of public servitude by requiring them to act as keepers of the entire nation's surplus plutonium.

52.     Based upon basic contract principles, the activities of Defendants in imposing the storage of surplus plutonium upon the Class, and the attendant risks, burdens and responsibilities of Plaintiffs necessitated thereby, create an implied contract in fact.

53.     Plaintiffs are entitled to performance under the contract, such that just compensation must be rendered for the value provided by the Plaintiffs in accepting this high-risk duty and in maintaining the facility, and for suffering the responsibilities and multiple injuries attendant thereto.

54.     As such, Plaintiffs seek actual damages for just compensation. However, pursuant to the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), Plaintiffs waive any damages exceeding the sum stated of $10,000 per individual, exclusive of interest and costs, such that each individual member of the Class will be limited to same.

55.     Failure of the federal government to render compensation for this public service would result in an illegal, unjust enrichment.

### FOURTH CAUSE OF ACTION
### (Equal Protection)

56.     Plaintiffs reallege and incorporate the allegations contained in paragraphs one through fifty-five, as if fully set forth herein.

57.     Defendants have ordered the shipment and storage of the nation's surplus plutonium to the SRS facility in South Carolina without just compensation, to the detriment of Citizens.

58.     This decision forces the Citizens of South Carolina to bear the burden of housing the extremely hazardous material from other states and shouldering the responsibilities, risks and burdens which should belong to every citizen in the United States.

59.     This decision, therefore, is a violation of the Citizens' right to Equal Protection under the Fifth Amendment of the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of the Class of Citizens of South Carolina, pray for the following:

(a)     certification of this case as a class action on behalf of the Citizens of South Carolina as defined above;

(b)     a declaration that the storage of plutonium at the SRS facility is a public burden borne by the Citizens of South Carolina, and, that, without just compensation, such storage is an unlawful taking under the Fifth Amendment of the United States Constitution;

(c)     a declaration that Plaintiffs are entitled to receive fair and just consideration for the value of the performance imposed upon them by the Defendants pursuant to an implied contract for services, the beneficiaries of which are all citizens of the United States.

(d)     a judgment for damages sustained by Plaintiffs and the Class defined herein, and for any additional monetary damages provided by applicable law, not to exceed the limitation of $10,000 for each individual Plaintiff and member of the Class as discussed herein;

(e) the costs of this suit, including attorneys' fees pursuant to 42 U.S.C. § 4654 (c); and

(f) such other and further relief, legal or equitable, as the Court may deem just and proper.

Respectfully submitted,

*[signature]*

Neil C. Robinson, Jr.
Fed. ID No. 3516
NEXSEN PRUET JACOBS POLLARD &
ROBINSON, LLC
200 Meeting Street, Suite 301
Post Office Box 486
Charleston, South Carolina 29402
(843) 577-9440

Marguerite S. Willis
NEXSEN PRUET JACOBS & POLLARD, LLC
1441 Main Street, Suite 1500
Post Office Drawer 2426
Columbia, South Carolina 29202
(803) 771-8900


Attorneys for Intervenor Plaintiffs

May 29, 2002
Columbia, South Carolina